**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| WILSON ALFREDO FIGUEROA-LANDAVERDE | CIVIL ACTION NO. 26-3850 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| SHAD RICE, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

**ORDER**

Wilson Alfredo Figueroa-Landaverde ("Petitioner") filed a Petition for a Writ of Habeas Corpus, Record Document 1, and a Motion for Temporary Restraining Order, Record Document 3. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. For the following reasons, the Motion for Temporary Restraining Order, Record Document 3, is **DENIED**.

In his motion for temporary restraining order, Petitioner seeks a temporary stay of his removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Petitioner alleges he is a member of two nationwide classes certified in *Immigration Center for Women and Children v. Noem ("ICWC")*, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026). Record Document 3 at 2. Specifically, he claims he is a member of the Pending Petition Class and the Stay of

Removal Class because of his pending T-visa application. *Id.* This district court has already rejected that argument because that matter remains pending. *See Rauda Choto v. Ladwig*, No. 26-322, 2026 WL 1652576, at *1–*2 (W.D. La. Jun. 8, 2026); *Patricio-Morales v. Ducote*, No. 26-877, 2026 WL 2086896 (W.D. La. July 20, 2026).

The Petitioner also asks for an order prohibiting his transfer to another jurisdiction. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

**DONE AND SIGNED** at Shreveport, Louisiana, this 6th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE